[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion to strike three counts of a third party complaint by third party defendant Nationwide. Plaintiff, Coffee, a Nationwide employee slipped and fell on ice while unloading furniture from a truck on property leased by his employer, Nationwide. Coffey thereafter brought suit against his employer's lessor. Lessor in turn brought an indemnification action against plaintiff's employer.
The first count of the third party complaint is based upon an indemnity agreement in the lease which, in essence, holds lessor harmless from any liability arising out of lessee's use of the CT Page 5433-NNNN property. The second count is based on common law indemnity inasmuch as it alleges that Nationwide was in exclusive control of the property at the time of the accident. The third count is based upon an alleged breach of lessee's contractual duty to insure lessor against the type of risk here involved.
Nationwide files this motion to strike all three counts claiming such actions are barred by the exclusivity provisions of sec. 31-284 (a) of the workers compensation act The third party plaintiff argues on the basis of Ferryman v Groton, 212 Conn. 138
(1989) that a third party claim could exist against an employer despite the exclusivity clause of sec 31-284(a) provided the claim was based on an independent duty owed by the employer to the third party regardless of the fact that the benefits of such claim would indirectly accrue to the injured employee. Id, 144-45. The court agrees with this position
A motion to strike admits all facts well leaded. Ferryman vGroton, supra, 142. The third party plaintiff properly alleged that the employer Nationwide owed them a duty to indemnify the lessor under the provisions of the alleged lease against any personal injuries for which they might be liable as property owner or, in the alternative, to insure the owner. The lease agreement and the common law right of indemnification were separate and distinct duties from that which Nationwide owed its employee. Consequently, the Ferryman doctrine clearly applies to this case.
Accordingly, the third party Nationwide's motion to strike is hereby DENIED as to each of the three counts.
BY THE COURT Melville, J